USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 9/17/2025

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

    -v.-

MIKAYEL YEGHOYAN,

    Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

**FINAL ORDER OF FORFEITURE**

20 Cr. 652 (VM)

WHEREAS, on or about September 23, 2024, this Court entered a Preliminary Order of Forfeiture as to Substitute Assets (the "Substitute Assets Order") (D.E. 437), which ordered the forfeiture to the United States of all right, title and interest of MIKAYEL YEGHOYAN (the "Defendant") in the following property:

    a. $12,955.00 in United States currency;
    b. Silver and gold Rolex watch bearing serial number 226N9563;
    c. Silver Rolex watch bearing serial number 30P404E7;
    d. Gold Rolex watch bearing serial number 59J4C318; [1]
    e. Assorted gold and platinum bars and coins, including eleven gold bars and/or coins weighing approximately 1 ounce each, eight gold bars and/or coins weighing approximately 0.5 ounce each, one gold bar or coin weighing approximately 20 grams, one gold bar or coin weighing approximately 100 grams, two gold bars and/or coins weighing approximately 10 grams each, and one platinum bar weighing approximately 20 grams

(the "Substitute Assets");

WHEREAS, the Substitute Assets Order directed the United States to publish, for at least thirty (30) consecutive days, notice of the Substitute Assets Order, notice of the United States' intent to dispose of the Substitute Assets, and the requirement that any person asserting a legal interest in the Substitute Assets must file a petition with the Court in accordance with the

---

[1] The Gold Rolex watch bearing serial number 59J4C318 was incorrectly listed as Gold Rolex watch bearing serial number SQJ4C318 in the Substitute Asset Order.

requirements of Title 21, United States Code, Sections 853(n)(2) and (3).  Pursuant to Section 853(n), the United States could, to the extent practicable, provide direct written notice to any person known to have an alleged interest in the Substitute Assets and as a substitute for published notice as to those persons so notified;

WHEREAS, the provisions of Title 21, United State Code, Section 853(n)(1), Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, and Rules G(4)(a)(iv)(C) and G(5)(a)(ii) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, require publication of a notice of forfeiture and of the Government's intent to dispose of the Substitute Assets before the United States can have clear title to the Substitute Assets;

WHEREAS, the Notice of Forfeiture and the intent of the United States to dispose of the Substitute Assets was posted on an official government internet site (www.forfeiture.gov) beginning on February 11, 2025, for thirty (30) consecutive days, through March 12, 2025, pursuant to Rule G(4)(a)(iv)(C) of the Supplemental Rules for Admiralty and Maritime Claims and Asset Forfeiture Actions and proof of such publication was filed with the Clerk of the Court on September 16, 2025 (D.E. 448);

WHEREAS, on or about September 24, 2024, notice of the Substitute Assets Order was sent by certified mail, return receipt requested, to:

> James Froccaro, Esq.
> 20 Vanderventer Avenue, Suite 103W
> Port Washington, NY 11050
>
> Irena Shmavenyan
> 153 Jackson Avenue
> Staten Island, New York 10305;

WHEREAS, thirty (30) days have expired since final publication of the Notice of Forfeiture and no petitions or claims to contest the forfeiture of the Substitute Assets have been filed;

WHEREAS, the Defendant and any other interested parties are the only persons and/or entities known by the Government to have a potential interest the Substitute Assets;

WHEREAS, pursuant to Title 21, United States Code, Section 853(n)(7), the United States shall have clear title to any forfeited property if no petitions for a hearing to contest the forfeiture have been filed within thirty (30) days of final publication of notice of forfeiture as set forth in Title 21, United States Code, Section 853(n)(2);

NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED THAT:

1. All right, title and interest in the Substitute Assets is hereby forfeited and vested in the United States of America, and shall be disposed of according to law.

2. Pursuant to Title 21, United States Code, Section 853(n)(7) the United States of America shall and is hereby deemed to have clear title to the Substitute Assets.

3. The United States Marshals Service (or its designee) shall take possession of the Substitute Assets and dispose of the same according to law, in accordance with Title 21, United States Code, Section 853(h).

Dated: New York, New York
September 17, 2025

SO ORDERED:

_____
HONORABLE VICTOR MARRERO
UNITED STATES DISTRICT JUDGE